SUGG et al. v. ESKEW et al.

(Circuit Court of Appeals, Eighth Circuit. October 4, 1915. Rehearing
Denied December 18, 1915.)

No. 4317.

In Error to the District Court of the United States for the Eastern District
of Missouri; David P. Dyer, Judge.

Action at law by Clyde F. Sugg and others against John Eskew and the
Decatur Egg Case Company. Judgment for defendants, and plaintiffs bring
error. Affirmed.

Wilson Cramer, of Jackson, Mo., and R. B. Oliver, Sr., of Cape Girardeau,
Mo., for plaintiffs in error.

John T. McKay, of Kennett, Mo., and Charles W. Bates, of St. Louis, Mo.,
for defendants in error.

Before SANBORN and HOOK, Circuit Judges, and AMIDON, District
Judge.

AMIDON, District Judge. This is a companion suit to Bryd v. Hall et al.,
227 Fed. 537, —— C. C. A. ——, in which our opinion has just been filed. For
the reasons there set forth the judgment in this case is affirmed.

---

WENIGER v. SUCCESS MINING CO. et al. (KIMBALL et al., Interveners).

(Circuit Court of Appeals, Eighth Circuit. September 27, 1915.)

No. 4375.

*(Syllabus by the Court.)*

1. CORPORATIONS ☞108—UNAUTHORIZED ISSUANCE OF STOCK—ESTOPPEL—
   CERTIFICATE.
   While a corporation may recover of the first transferee, or other pur-
   chaser with notice, stock unauthorized, or issued on a stolen certificate,
   or on a forged assignment, or its value, it is estopped by its certificate to
   the first transferee from maintaining a suit to recover the stock, its value,
   or the dividends thereon from a second transferee, who was a bona fide
   purchaser for value without notice, in reliance upon its certificate to the
   first transferee.
   [Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 459, 460;
   Dec. Dig. ☞108.]

2. CORPORATIONS ☞104, 112—CERTIFICATES OF STOCK—VALIDITY—ESTOPPEL.
   Certificates of stock, while not strictly negotiable, are closely analogous
   to negotiable paper, and should be sustained, in the absence of an in-
   superable legal obstacle.
   Corporations and their officers, who, by the apparent legality of their
   obligations, or by statements or recitals of their validity, induce inno-
   cent purchasers to invest in them, are estopped from denying their le-
   gality, or the truth of the representations they contain, on the ground
   that in some preliminary proceedings which led to their execution, or in
   their execution itself, they failed to comply with some law or rule of
   action relative to the time or manner of their procedure with which they
   might have lawfully complied, but which they carelessly disregarded.
   [Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 454, 464,
   465; Dec. Dig. ☞104, 112.]